IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ANTHONY BRIAN STEPHENS,**

      **Plaintiff,**

v.                                                              Case No.: 3:24-cv-00653

**WESTERN REGIONAL JAIL, WEXFORD
MEDICAL, WV DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
WESTERN REGIONAL JAIL COMMAND
STAFF, CAPT. REED, LT. GRAHAM,
LT. IRWIN, LT. ALLEN, SGT. SMITH, SGT.
SLEAZMAN, WV DIVISION OF
CORRECTIONS AND REHABILITATION,**

      **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending before the Court are the following motions: Letter-Form Motion for Discovery, (ECF No. 5), Motion to Compel, (ECF No. 6), Motion for Counsel, (ECF No. 7), Motion to Amend, (ECF No. 8), Motion to Compel, (ECF No. 9), Motion for Discovery, (ECF No. 10), and an Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1). As described herein, the Court Orders as follows: Plaintiff's Application to Proceed without Prepayment of Fees and Costs is **GRANTED**; Plaintiff's Motion to Amend is **GRANTED**; Plaintiff's Motions for Discovery and to Compel are **DENIED**; and Plaintiff's Motion for Appointment of Counsel is **DENIED**. Plaintiff is further **ORDERED** to amend his Complaint within **sixty (60) days** of the date of this Order, as described herein.

### *Application to Proceed in Forma Pauperis*

Having considered Plaintiff's Application, (ECF No. 1), the Court **GRANTS** the same. The Court finds that Plaintiff has minimal funds in his inmate account to make an initial partial filing fee payment. Therefore, Plaintiff is not ordered to make an initial payment. However,

beginning on **May 5, 2025,** and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00 has been paid.[1] The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00 until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

### *Motion to Amend*

In Plaintiff's motion to amend his Complaint, (ECF No. 8), it appears Plaintiff seeks to clarify that he is also asserting claims under the Eighth Amendment, Americans with Disabilities Act, and the Rehabilitation Act. (*Id.*). Because Plaintiff is entitled to amend his pleading inasmuch as the Defendants have not yet responded to the Complaint, the Court **GRANTS** Plaintiff's motion.

### *Discovery Motions*

Concerning Plaintiff's Motions for Discovery, (ECF Nos. 5, 6, 9, 10), the Court **DENIES** the motions as premature. Until this Order, there has been no issuance of summonses, and thus no service of process, and none of the defendants have entered an appearance in this action.

Once proof of service has been filed and the time allotted for the defendants to answer the complaint has concluded, the undersigned will set an initial status conference at which a

---

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf

discovery schedule will be established. Once discovery is allowed, Plaintiff shall not be required to move the Court for leave to file discovery but may simply serve discovery requests on the defendants pursuant to the federal discovery rules. However, until that time, Plaintiff shall not be permitted to conduct discovery, and defendants shall not be obligated to respond to discovery requests.

### *Motion for Appointment of Counsel*

The Court **DENIES** Plaintiff's motion for appointment of counsel, (ECF No. 7), without prejudice to reconsideration of Plaintiff's request for counsel in the future. Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Here, Plaintiff asserts, "I realize I'm in over my head and require help." (ECF No. 7). Unfortunately, this ground is not exceptional. While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his presumed lack of legal training, these limitations do not, in and of themselves, satisfy the "exceptional" standard to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D. W. Va. Apr. 12, 2010). Having reviewed Plaintiff's filings, the undersigned finds Plaintiff

to be capable of presenting his claims at this stage of the litigation. Accordingly, Plaintiff's motion must be denied. Should circumstances change, the Court will reconsider its ruling upon motion of Plaintiff. It is so **ORDERED.**

### *Deficiencies in the Complaint*

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned preliminarily reviewed Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

<u>General Pleading Requirements</u>

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for a court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties. Fed. R. Civ. P. 10(a). Under 42 U.S.C. § 1983, parties must be individuals, not units or entities. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50-52 (1999).

In addition to naming persons as parties, Plaintiff is required to state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Along that line of thought, Federal Rule of Civil Procedure 20 discusses the parties that may be joined as defendants in the same action. According to Rule 20(a)(2), individuals may be joined as defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with the respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any questions of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Here, Plaintiff names groups and organizations like "Western Regional Jail," "Wexford Medical," "WV Department of Corrections and Rehabilitation," "Western Regional Jail Command Staff," and "WV Division of Corrections and Rehabilitation." (ECF No. 2). However, these entities are not properly named defendants. Plaintiff must identify as a defendant a specific person who, while acting under color of state law, deprived the plaintiff of a federally protected civil right, privilege, or immunity. Additionally, Plaintiff's Complaint and Motion to Amend each contain vague, generalized statements without developing any specific factual basis concerning each named defendant.

*Title 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Section 1983 allows civil monetary damages, declaratory, and prospective injunctive relief, but not criminal sanctions. Therefore, a portion of the relief requested by Plaintiff is unavailable in this action. "It is well established that private citizens can neither bring a direct criminal action against another person nor petition the federal courts to compel the criminal prosecution of another person." *In re Vincent*, No. 7:06MC00034, 2006

WL 1529479, at *1 (W.D. Va. June 1, 2006) (citing *Maine v. Taylor,* 477 U.S. 131, 137 (1986); *Leeke v. Timmerman,* 454 U.S. 83, 86-87 (1981); *Lida R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)).

To state a cause of action for monetary damages under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D.Md. 1971)).

The Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (*citing Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Moreover, "[m]ere threats or verbal abuse by prison officials, without more, do not state a

cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005). Ultimately, the Eighth Amendment "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (*quoting Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain a *prima facie* case that his conditions of confinement violated the Eighth Amendment, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison official had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238. To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted *an extreme deprivation. De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the staff at the Western Regional Jail had a sufficiently culpable state of mind if they were aware of an excessive risk of harm to Plaintiff's health or safety but disregarded it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.")

In addition to the legal principles set forth above, Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered

emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted).

In light of these governing standards and principles, Plaintiff must amend his complaint. Without such an amendment, Plaintiff's complaint is subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **sixty (60) days** of the date of this Order and cure the following deficiencies in pleading as indicated below:

1. The amended complaint shall include the names of the individual defendants who, acting under color of state law, violated Plaintiff's federal civil or constitutional rights.

2. The amended complaint shall contain short and plain statements, *arranged in numbered paragraphs*, setting forth the basic facts upon which Plaintiff's claims are based, including what constitutional right the named defendant has violated, the dates of these occurrences, and the actions of the named defendant that caused the violation.

3. Plaintiff shall identify the nature of the physical and emotional injuries he claims to have suffered as a result of each Defendant's actions.

4. To the extent known to Plaintiff, the amended complaint shall include the addresses of the defendants.

5. The amended complaint may include claims and defendants that are connected by an event or series of events or transactions and that share common issues of fact or law.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is directed to provide a copy of this Order to Plaintiff, along with a § 1983 complaint form, instructions for filing the complaint, and a copy of this Order to the Superintendent of Western Regional Jail and Correctional Facility.

**ENTERED:** April 3, 2025



Joseph K. Reeder
United States Magistrate Judge