IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANTHONY BRIAN STEPHENS,
CHAD CHANDLER,

       Plaintiffs,

v.                           Case No. 3:24-cv-00653

LT. SMITH, CAPT. YORK, CAPT.
REED, SGT. EVANS, NURSE REGINA
LNU, NURSE SUSIE LNU, CO ALBRIGHT,
C.O. MANN, LT. CASTEEL, CARL
ALDRIDGE, CASE MANAGER L. STEPP,

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the following pleadings: (1) Plaintiff's *pro se* Amended Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 12); (2) Defendants Regina Bryant and Susie Christian's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 40); (3) Defendants Lieutenant Smith, Captain York, Captain Reed, Sergeant Evans, Correctional Officer Albright, Correctional Officer Mann, Lieutenant Casteel, Carl Aldridge, and Case Manager L. Stepp's Motion to Dismiss pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 44); (4) Defendants Carl Aldridge and Case Manager L. Stepp's Motion to Dismiss pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 46); (5) Defendants Regina Bryant and Susie Christian's Motion to Designate Motions to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, (ECF No. 50); and (6) Plaintiff's Letter-Form Motions to Amend his Amended

Complaint, (ECF Nos. 25, 27, 28), and to Forward Copies of Documents to Other Inmates, (ECF No. 26).

This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons contained herein, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss for Failure to Prosecute, (ECF No. 50); **DISMISS** the complaints filed in this matter against all defendants, (ECF Nos. 2, 12); **DENY** Defendants' other Motions to Dismiss, (ECF Nos. 40, 44, 46), and Plaintiff's Motions to Amend and Motion to Forward Copies to Other Inmates, (ECF Nos. 25 through 28), as **MOOT**; and **REMOVE** this action from the docket of the Court.

Alternatively, if the presiding District Judge determines dismissal for failure to prosecute is not presently appropriate, the undersigned makes the following the proposals: (1) that Plaintiff's motions to amend his complaint to add additional plaintiffs, (ECF Nos. 25 at 2, 27, 28), be **DENIED**; (2) that the presiding District Judge **GRANT** Defendants' Motion to Dismiss Plaintiff Chad Chandler's claims against them, (ECF No. 44), and **DISMISS** any and all purported plaintiffs other than Plaintiff Stephens from this action; (3) that Defendants Carl Aldridge and Case Manager L. Stepp's Motion to Dismiss, (ECF No. 46), be **GRANTED**, and they be **DISMISSED** from this action; (4) that the nurse defendants' motion to dismiss for failure to state a claim, (ECF No. 40), be **DENIED** in part and **GRANTED** in part, and that Plaintiff's ADA claims against Defendants Bryant and Christian in their individual capacities be **DISMISSED**; and (5) that Defendants Bryant and Christian's Motion to Designate Motions to Dismiss as Unopposed, (ECF No. 50), be **DENIED**.

## I.    <u>Relevant Facts</u>

At the time of filing of his Complaint, Plaintiff Anthony Brian Stephens was a prisoner incarcerated in the Western Regional Jail ("WRJ") in this judicial district. (ECF No. 2). However, although it appears as though he has since been released from incarceration, Plaintiff has not updated his contact information with the Clerk's office. *See* ECF No. 52; *see* West Virginia Division of Corrections and Rehabilitation Offender Search, Offender ID Number 3521939, https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search (last accessed November 6, 2025).

In his initial complaint filed on November 14, 2024, Plaintiff named numerous defendants and alleged that he was denied a shower chair despite being an above-the-knee amputee. (ECF No. 2 at 3-4). He requested the court to order the jail to become ADA compliant and $250,000 in pain and suffering. (*Id*. at 4). Plaintiff's application to proceed *in forma pauperis* was granted, but Plaintiff was ordered to amend his complaint to correct numerous deficiencies on April 3, 2025. (ECF No. 11).

He then filed an Amended Complaint on May 15, 2025. (ECF No. 12). In his Amended Complaint, Plaintiff again alleges that he requested a shower chair and Defendant Smith and Defendant Regina Bryant refused to provide one. (*Id*. at 4). He then fell in the shower and bruised his back and possibly broke his arm, but when he requested medical treatment, Defendants York, Evans, Albright, Mann, and two unknown nurses refused to provide treatment or a shower chair. (*Id*. at 5). He further alleges Defendant York slapped him and he also informed Defendant Regina Bryant that he fell, but she did not believe him. (*Id*. at 8). After his family called to complain, Plaintiff alleges that Defendant Suzie Christian called him to medical and refused to provide him with a shower chair or any medical attention. (*Id*.). He states that Nurse Palmer finally checked his injuries, viewed the shower area, told staff that the shower was not ADA compliant, and told Plaintiff that she was going to provide him a

shower chair. (*Id.*). He never received the shower chair and contends that Defendants Casteel, Smith, York, Evans, Albright, and Mann then threatened him. (*Id.* at 8-9). Because he was in fear for his life, he stopped requesting medical attention and a shower chair. (*Id.* at 9). Plaintiff contends that two months later, staff brought him a potty chair on wheels, and he fell and hurt himself but was denied treatment again. (*Id.*). For relief, Plaintiff requested the jail to make and provide safe, ADA compliant, stationary shower chairs; for $250,000 for physical and emotional injuries; for all staff involved to be terminated or sent for sensitivity training; for counseling for PTSD and physical therapy from these incidents; and for a public apology. (*Id.* at 5-6).

After filing his Amended Complaint, the Clerk of Court issued summonses for the defendants that Plaintiff listed in the complaint. (ECF Nos. 14 through 24). The United States Marshals Service was able to serve all named defendants except Captain Reed. (ECF Nos. 29 through 39).

Plaintiff's last contact with the Court was May 30, 2025, at which time he filed four letter-form motions. (ECF Nos. 25 through 28). In three of them, Plaintiff requested to amend his Complaint. (ECF Nos. 25. 27, 28). First, Plaintiff requested to update the defendants' names, including the removal of Defendants Mann, Casteel, York, and Suzie and maintaining or adding Major C.O. Albright, Smith, Captain Reed, Nurse Regina, Nurse Joan, C.O. Sauage, Lt. Irwin, Case Manager Stepp, and Warden Carl Aldridge. (ECF No. 25). He also requested to add additional Plaintiffs and that they be served a copy of the suit. (ECF Nos. 25 through 28).

On June 27, 2025, Defendants Regina Bryant and Susie Christian filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff's claims fail because a dispute between an inmate and a provider regarding a medical opinion does not constitute a Constitutional violation and because an ADA claim cannot be

brought against defendants in their individual capacity. (ECF Nos. 40, 41). On the same day, Defendants Lieutenant Smith, Captain York, Captain Reed, Sergeant Evans, Correctional Officer Albright, Correctional Officer Mann, Lieutenant Casteel, Carl Aldridge, and Case Manager L. Stepp filed a Motion to Dismiss pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, moving for the dismissal of any claims, or lack thereof, by Plaintiff Chad Chandler, contending that he makes no assertions or allegations against anyone in the Amended Complaint. (ECF Nos. 44, 45). Defendants Carl Aldridge and Case Manager L. Stepp also filed a Motion to Dismiss on the same date pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff failed to raise any claims against them. (ECF Nos. 46, 47). On August 1, 2025, Defendants Regina Bryant and Susie Christian filed a Motion to Designate Motions to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, wherein they alleged that Plaintiff failed to respond to their original Motion to Dismiss and because Plaintiff is no longer incarcerated and has not updated the clerk with his contact information, he has failed to prosecute his claim.  (ECF Nos. 50, 51). On August 19, 2025, the undersigned notified Plaintiff of his right to respond to the motions and advised him that his failure to respond could support a conclusion that the contentions were undisputed and may result in dismissal of the complaint. (ECF No. 52). Plaintiff was further ordered to respond on or before September 19, 2025, but to date, he has not filed a response. (*Id.*). The Order was returned as undeliverable, and Plaintiff has provided no new mailing address. (ECF No. 54).

On October 16, 2025, Defendants Smith, York, Reed, Evans, Albright, Mann, Casteel, Aldridge, and Stepp also filed two proposed orders for the undersigned's signature granting their motions and dismissing this matter without prejudice. (ECF Nos. 55, 56). However, the

undersigned does not have authority to take such action and instead can only recommend disposition of this matter to the presiding District Judge.

## II.    Discussion

For the reasons set forth herein, the undersigned finds that Plaintiff has abandoned prosecution of this case and therefore recommends dismissal. Nonetheless, should the presiding District Judge reach a difference conclusion concerning the failure to prosecute issue, the undersigned has also addressed the merits of the pending motions in this action.

### Failure to Prosecute

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the

plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Here, having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. The only actions that Plaintiff has taken to prosecute his case was to amend his Complaint and then request to add additional parties as Plaintiffs. The undersigned has already issued one Show Cause Order, and Plaintiff has never responded to any of the numerous motions to dismiss filed in this case. Specifically, on August 19, 2025, Petitioner was ordered to respond to Defendants' pending motions to dismiss by September 19, 2025, and to update his contact information with the clerk. (ECF No. 52). Plaintiff violated that order, leaving the pending motions unopposed and with no way for the Court or the parties to contact Plaintiff.

As always, the undersigned is cautious in recommending dismissal of a plaintiff's claims for failure to prosecute. In a recent unpublished decision, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") vacated and remanded a district court's order dismissing a federal prisoner's action for failure to prosecute. *Martin v. Warden of FCI Hazelton*, No. 22-6594, 2024 WL 490347, at *1 (4th Cir. Feb. 8, 2024). In that case, the district court dismissed the action because the plaintiff failed to comply with an order to pay a partial filing fee. *Id.* On appeal, the plaintiff claimed that he never received the district court's order. *Id.* The Fourth Circuit noted that the district court relied on the fact that the return receipt showed that the order was delivered to the prison, but that receipt did not

indicate whether the prison staff gave the order to the plaintiff. *Id.* Therefore, because the district court did not have the opportunity to resolve the factual question of whether the plaintiff timely received notice of the order, the Fourth Circuit could not evaluate whether the district court properly exercised its discretion in dismissing the action under Rule 41(b). *Id.*

The undersigned determines that the factual circumstances in *Martin* are plainly distinguishable from this case. First, the undersigned notes that Rule 41(b) allows the Court to involuntarily dismiss a case if the plaintiff "fails to prosecute or to comply with these rules or a court order." In *Martin*, the dismissal was based entirely on the plaintiff's supposed violation of a court order. Here, in addition to violating court orders, Plaintiff has evidenced a clear pattern of failure to prosecute the case, which provides an independent basis for dismissal under Rule 41(b). Plaintiff's failure to receive the copy of the August 2025 Order was because of his failure to update his address with the Court, despite being reminded of his obligation to do so in numerous Orders. (*See* ECF Nos. 11, 13, 52). Plaintiff complied with other directives in these Orders, so it can be presumed that he also understood that he must update his contact information with the Court or risk dismissal of his case. Further, Plaintiff has failed to take any actions to further the case over the last six months. Thus, he has failed to prosecute this action as required.

The responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal appears to be the only appropriate sanction, as Plaintiff has not made his current whereabouts known to the court or other parties, and Defendants would be unduly prejudiced by the continued prosecution of this matter which has been largely delayed due to Plaintiff's dilatory actions.

For the above reasons, the undersigned **FINDS** that Plaintiff is entirely responsible for the delay in prosecution, and the delay has prejudiced Defendants given that witnesses become unavailable and memories become stale with the passage of time. Plaintiff has

historically proceeded in a deliberately dilatory fashion, necessitating a show cause order. He has disregarded numerous warnings from the Court. Therefore, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Accordingly, the undersigned proses that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this matter; **GRANT** Defendant Bryant and Christian's Motion to Dismiss for failure to prosecute, (ECF No. 50); **DISMISS** this action as to all defendants; and **REMOVE** this action from the Court's docket. The undersigned further proposes that Defendants' other motions to dismiss, (ECF Nos. 40, 44, 46), Defendants Bryant and Christian's Motion to Designate Motions to Dismiss as Unopposed, (ECF No. 50), and Plaintiff's Motions to Amend and to Forward Copies to Inmates, (ECF Nos. 25 through 28), be **DENIED** as **MOOT**.

### *Failure to State a Claim*

In the event that the presiding District Judge determines that dismissal of this matter for failure to prosecute is not warranted at this time, the undersigned will now turn to the merits of Defendants' unopposed motions to dismiss:

### A. Claims by Chad Chandler Against All Defendants

Defendants filed a Motion to Dismiss the Amended Complaint relating to claims, or lack thereof, asserted by Plaintiff Chad Chandler. (ECF Nos. 44, 45). Specifically, Defendants contend, "The Amended Complaint contains no allegations of fact which would give rise to a claim in for [sic] relief in favor of Mr. Chandler against Defendants." (ECF No. 44 at 1). In their memorandum, Defendants note that while Plaintiff Chandler is included as a Plaintiff in this civil action, he fails to put forth any allegations or claims whatsoever against Defendants. (ECF No. 45 at 3). "Other than being mentioned as one who assisted Mr. Stephens after he had allegedly fallen, Mr. Chandler is not mentioned in the Amended Complaint at all." (*Id.* at 3-4). Consequently, Defendants argue Plaintiff Chandler's claims should be dismissed as they are nonexistent. For the reasons that follow, the undersigned

9

agrees with Defendants. Accordingly, if the presiding District Judge finds dismissal for failure to prosecute is not yet justified, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff Chad Chandler's claims against them, (ECF No. 44), be **GRANTED** and any and all purported Plaintiffs other than Plaintiff Stephens be **DISMISSED** from this action.

To the extent multiple inmates are identified as Plaintiffs in this action, joinder is improper under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and Rule 20(a) of the Federal Rules of Civil Procedure. Although the United States Court of Appeals for the Fourth Circuit has not adopted a per se rule prohibiting multi-plaintiff prisoner litigation under the PLRA, district courts within this Circuit, including this District, have routinely declined to permit such joinder due to the individualized filing fee and "three strikes" requirements imposed by § 1915, as well as the administrative difficulties inherent in managing pro se litigation involving multiple incarcerated plaintiffs. *See, e.g.*, *Genet v. W. Reg'l Jail*, No. 3:18-cv-01471, 2018 WL 6274002 (S.D.W. Va. Nov. 30, 2018) (collecting cases and severing multi-plaintiff prisoner complaint); *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001) (holding that the PLRA's fee and "three strikes" provisions prevent prisoners from joining together to avoid payment obligations). Thus, each prisoner must pay the full filing fee and is subject to separate "strike" assessments under § 1915(g).

Here, only Plaintiff Stephens has been granted leave to proceed *in forma pauperis* and has signed the pleadings. To the extent Mr. Stephens purports to represent or file pleadings on behalf of other inmates, such actions are improper and may constitute the unauthorized practice of law. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself*, however, does not create a coordinate right to litigate on

behalf of *others*.") (emphasis in original). Accordingly, concerning Plaintiff's motions[1] to amend his complaint to add additional plaintiffs, (ECF Nos. 25 at 2, 27, 28), the undersigned **FINDS** that joinder is improper and **RECOMMENDS** those motions be **DENIED**.

Further, as Defendants asserted in their Motion to Dismiss Claim Asserted by Chad Chandler, the Amended Complaint fails to provide any factual allegations that would give rise to relief in favor of Mr. Chandler, and it fails to identify any damages or injuries sustained by Mr. Chandler. (ECF No. 44 at 1). Mr. Chandler is mentioned in the Amended Complaint only once concerning the assistance he provided to Plaintiff Stephens after Plaintiff Stephens fell in the shower. (ECF No. 45 at 3-4).

A complaint fails to state a compensable claim and should be dismissed when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Further, Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for a court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

---

[1] Plaintiff has also moved for this Court to send copies of the filings in this matter to various other inmates he wishes to add as Plaintiffs in this proceeding. (ECF No. 26). However, the Court is not required to transmit copies of its orders to third-party prison staff, and such administrative requests fall outside the scope of relief available under 28 U.S.C. § 2241. *See* Fed. R. Civ. P. 5 (The clerk's service obligation is to the parties or their counsel, no duty is imposed upon the clerk to transmit court papers to a third-party institutional records office as part of normal civil service). Consequently, the undersigned proposes that Plaintiff's Motion be **DENIED**.

This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Plaintiff Chandler makes no allegations in the Amended Complaint, and he therefore fails to state a claim against Defendants. Accordingly, to the extent dismissal for failure to prosecute is premature, the undersigned **FINDS** that the case should proceed solely as to Plaintiff Stephens and **RECOMMENDS** that Defendants' Motion to Dismiss Claims Asserted by Chad Chandler, (ECF No. 44), be **GRANTED** and, further, that any and all other purported plaintiffs be **DISMISSED** from this action without prejudice.

### B. Defendants Carl Aldridge and Case Manager L. Stepp

Defendants Carl Aldridge and Case Manager L. Stepp filed a Motion to Dismiss pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff failed to raise any claims against them. (ECF Nos. 46, 47). Specifically, Defendants contend, "The Amended Complaint fails to assert any damages or injuries sustained by Mr. Stephens against these Defendants." (ECF No. 46 at 1). For the following reasons, the undersigned respectfully **RECOMMENDS** that, to the extent the circumstances do not presently support dismissal for failure to prosecute, the presiding District Judge **GRANT** these Defendants' Motion, (ECF No. 46), and **DISMISS** them from this action.

As noted, a complaint must contain "a short and plain statement of the grounds for a court's jurisdiction ... a short and plain statement of the claim showing that the pleader is

entitled to relief ... and a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A motion under Rule 12(b)(6) tests the sufficiency of the Complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, the Court will assume that the facts alleged in the Complaint are true and will draw all reasonable inferences in Plaintiff's favor as the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988) (emphasis in *Edwards*).

While the Court "take[s] the facts in the light most favorable to the plaintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A Complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the Complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic

recitation of the elements of a cause of action will not do" and a Complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Plaintiff's Complaint is filed pursuant to 42 U.S.C. § 1983, which provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658.

As Plaintiff was informed in this Court's prior Order, (ECF No. 11), to state a cause of action under § 1983, he must present facts showing that: (1) a person deprived him of a federally protected civil right, privilege or immunity and (2) that the person did so under color of state law. 42 U.S.C. § 1983; *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the Complaint fails to state a claim for relief under § 1983. *Sullivan,* 526 U.S. at 50. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D.Md. 1971)).

Plaintiff alleges that Defendants violated his Eighth Amendment rights and the American with Disabilities Act by denying him a non-slip shower chair which led to him

falling and injuring himself, berating him concerning his disability, and threatening him concerning his complaints and grievances related to these issues. (ECF No. 12). However, aside from naming them as Defendants, Plaintiff fails to make any factual allegations against Defendants Stepp and Aldridge. Accordingly, the undersigned **FINDS** that Plaintiff has failed to state a viable claim against these Defendants and, if dismissal for failure to prosecute is not yet justified, **RECOMMENDS** the presiding District Judge **GRANT** their Motion to Dismiss, (ECF No. 46), and **DISMISS** them from this action.

### C. Defendants Regina Bryant and Susie Christian

Defendants Regina Bryant and Susie Christian filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff's claims fail because a dispute between an inmate and a provider regarding a medical opinion does not constitute a Constitutional violation and because an ADA claim cannot be brought against defendants in their individual capacity. (ECF Nos. 40, 41). Plaintiff failed to file a response, despite being ordered to do so and being reminded that failure to respond could result in a recommendation that his action be dismissed. (ECF No. 52). Defendants Bryant and Christian ultimately filed a Motion to Designate Motions to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, wherein they alleged that Plaintiff failed to respond to their original Motion to Dismiss, and that because Plaintiff is no longer incarcerated and has failed to update the clerk with his contact information, he has failed to prosecute his claim. (ECF Nos. 50, 51). Concerning the nurse defendants' motion to dismiss for failure to state a claim, (ECF No. 40), to the extent that dismissal of this action for failure to prosecute is unwarranted, the undersigned **RECOMMENDS** the presiding District Judge **DENY** in part and **GRANT** in part Defendants' motion. Concerning their Motion to Designate Motions to Dismiss Unopposed, (ECF No. 50), the undersigned **RECOMMENDS** it be **DENIED**.

Defendants Bryant and Christian contend that Plaintiff's allegations amount to "a mere disagreement amongst himself and the Defendants over the inmate's proper medical care." (ECF No. 41 at 6). This disagreement, they further contend, "is not enough to support a claim for deliberate indifference." (*Id.*). While there does not appear to be, and these Defendants do not cite to, any published decision in the Southern District of West Virginia or the Fourth Circuit that addresses a refused non-slip shower chair for a wheelchair-bound, above-the-knee amputee prisoner, other jurisdictions have addressed denial or delay of shower-chairs, assistive mobility devises, or accessible showers in the prison context. *See McKinnie v. Dart*, Case No. 14-c-9588, 2015 WL 1117297 (N.D. Ill. March 10, 2015) (collecting cases) (denying defendants' 12(b)(6) motion to dismiss, finding the plaintiff's disability— having a prosthetic leg—an objectively serious medical condition, that plaintiff had complained about the denial of a non-slip shower chair, and that he pled an adequate injury); *Schmidt v. Odell*, 64 F.Supp.2d 1014 (D. Kan. 1999) (finding that ability of a double amputee inmate to move himself about the jail in an appropriate manner, including to use the shower, was a basic need, and holding that the defendants' motion for summary judgment was precluded by questions of fact related to deliberate indifference); *Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023) (vacating dismissal, explaining, "We have found in other contexts that knowledge of a need for an accessible shower facility—which can be demonstrated by ignoring complaints for such accommodations—combined with a failure to act may establish intentional discrimination or 'deliberate indifference.'").

Here, Plaintiff alleges that he is an above-knee amputee who needs a non-slip shower chair, that he made repeated requests (including to the nursing staff), and that the Defendants unreasonably denied the accommodation despite knowledge of the risk of falls and hygiene failure. Accepting these allegations as true and drawing all inferences in Plaintiff's favor at this stage, the Complaint states a plausible Eighth Amendment deliberate indifference claim

against the nurse defendants. Accordingly, if dismissal of this matter for failure to prosecute is not currently warranted, the undersigned **RECOMMENDS** the presiding District Judge **DENY** Defendants Bryant and Christian's Motion to Dismiss as to his deliberate indifference claim. (ECF No. 40).

Turning to Defendants Bryant and Christian's motion to dismiss as to the ADA Claim against them, (ECF No. 41 at 6), Defendants contend, and this Court agrees, that "the ADA does not permit an ADA claim to be asserted against an individual defendant." (*Id.*); *Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999) (affirming dismissal of action against defendants in their individual capacities). As the Baird court explained,

> The remedies available for a violation of the antiretaliation provision of the ADA in the employment context are set forth in 42 U.S.C.A. § 12117 (West 1995). *See* 42 U.S.C.A. § 12203(c). Section 12117 specifically makes the remedies available under Title VII applicable to actions under the ADA. *See* 42 U.S.C.A. § 12117(a) (providing that "[t]he powers, remedies, and procedures set forth in section[ ] ... 2000e−5 ... of this title shall be the powers, remedies, and procedures this subchapter provides to ... any person alleging discrimination on the basis of disability"). The enforcement provision of Title VII permits actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C.A. § 2000e−5(b). Title VII and the ADA define an "employer" in pertinent part as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C.A. § 2000e(b) (West 1994); *see* 42 U.S.C.A. § 12111(5)(A) (West 1995). We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as "employers." *See Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180−81 (4th Cir.1998) (holding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer). Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA. *See Stern v. California State Archives,* 982 F.Supp. 690, 692−94 (E.D.Cal.1997) (holding that individuals who do not qualify as "employers" under Title VII cannot be held liable under the ADA); *cf. Hiler v. Brown,* 177 F.3d 542, 545−46 (6th Cir.1999) (explaining that because it incorporates the remedies available under Title VII, the Rehabilitation Act does not permit actions against persons in their individual capacities).

*Baird*, 192 F.3d at 471-72. Accordingly, if Plaintiff is trying to assert an ADA claim against the nurse defendants in their individual capacities, the undersigned respectfully **RECOMMENDS** the presiding District Judge **GRANT** these Defendants' motion to dismiss as to the ADA claims against them in their individual capacities.

Finally, regarding the nurse Defendants' Motion to Designate Motion to Dismiss as unopposed, the undersigned notes that the United States Court of Appeals for the Fourth Circuit has previously held that in cases where litigants fail to challenge motions to dismiss, district courts nevertheless have an "obligation" to review the motion and ensure that dismissal is appropriate. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("'When deciding a 12(b)(6) motion, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim. This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default.'") (quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004)). Accordingly, the failure of a plaintiff to respond to a motion to dismiss does not automatically lead to judgment in favor of the moving defendant.

Of course, the failure to respond to arguments raised in a motion to dismiss may have negative consequences for the merits of a litigant's claim. "When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the ... motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." *White v. Wal Mart Stores, Inc.*, No. ELH–13–00031, 2014 WL 1369609, *2 (D. Md. Apr. 4, 2014) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). Additionally, as discussed more fully herein, persistent failure to participate in the proceedings may result in dismissal of a case for failure to prosecute. *See e.g. Bruce v. Miller*, No. CV 3:17-1664, 2017 WL 5586271, at *2 (S.D.W. Va. Nov. 20, 2017). Nevertheless, absent a total abdication by a

litigant sufficient to warrant a dismissal for failure to prosecute, district courts are still under an obligation to review the grounds presented in a motion to dismiss, and the failure to specifically respond to a motion requesting dismissal does not operate as a per se procedural default.

Accordingly, the undersigned **FINDS** that the nurse Defendants' Motion to Designate Motions to Dismiss as Unopposed, (ECF No. 50), should be **DENIED** to the extent that it requests judgment against Plaintiff based solely on his failure to respond to their motion.

## III.    **Proposal and Recommendation**

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED** for failure to prosecute, and this action be removed from the docket of the court. Alternatively, if dismissal for failure to prosecute is premature at this time, the undersigned **RECOMMENDS** that Plaintiff's motions to amend his complaint to add additional plaintiffs and to have documents forwarded to other inmates be **DENIED**; that Defendants' Motion to Dismiss Plaintiff Chad Chandler's claims against them be **GRANTED** and any and all purported plaintiffs other than Plaintiff Stephens be **DISMISSED** from this action; that Defendants Carl Aldridge and Case Manager L. Stepp's Motion to Dismiss be **GRANTED** and they be **DISMISSED** from this action; that Defendants Bryant and Christian's Motion to Dismiss for failure to state a claim be **DENIED** in part and **GRANTED** in part and that Plaintiff's ADA claims against Defendants Bryant and Christian in their individual capacities be **DISMISSED**; and that Defendants Bryant and Christian's Motion to Designate Motions to Dismiss as Unopposed be **DENIED**.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Reeder.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  November 19, 2025

Joseph K. Reeder
United States Magistrate Judge